■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARLENE STEELE, Appellant.—Judgment, Supreme Court, New York County (Frederic Berman, J.), rendered January 4, 1989, convicting defendant, after a trial by jury, of forgery in the second degree, criminal possession of a forged instrument in the second degree and criminal possession of stolen property in the fourth degree and sentencing her to concurrent terms of imprisonment of three to six years on the forgery and forged instrument counts and two to four years on the stolen property count, unanimously affirmed.

Defendant contends that the prosecutor excluded black jurors from the petit jury solely on the basis of race in violation of *Batson v Kentucky* (476 US 79). The prosecutor herein exercised only 4 out of 10 peremptory challenges. While 3 of those challenges were exercised against black persons, 3 other black persons were not challenged by the prosecutor and ultimately served on the jury. Under these circumstances, there was no *prima facie* showing of purposeful discrimination on racial grounds.

Defendant's contention that, despite the absence of a request by either her or her attorney, the court was required to include her in sidebar conferences in which it made preliminary inquiries of prospective jurors is unpersuasive. The record before us fails to show either that the matters discussed at the sidebar had a "substantial effect upon [defendant's] opportunity to defend" *(People v Mullen,* 44 NY2d 1, 6) or that defendant, was prejudiced in any way by this procedure, and there is therefore no basis to reverse her conviction. *(People v Ganett,* 68 AD2d 81, 87, *affd* 51 NY2d 991.)

Finally, we have examined defendant's contentions concerning the prosecutor's cross-examination and summation and find that they are without merit. Concur—Milonas, J. P., Ellerin, Wallach, Kassal and Smith, JJ.